O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0158 AHM (RCx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | EDWARD BUSSEY v. EDISON INTERNATIONAL, INC., *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

## I.   INTRODUCTION

This matter is before the Court on Defendant Southern California Edison Company's motion for summary judgment.  Plaintiff Edward Bussey alleges that Southern California Edison ("Edison"), his former employer, as well as two of his former supervisors, Brad Girard and Ray Waldo, wrongfully terminated his employment as a Health Physics Technician at the San Onofre Nuclear Generation Station ("SONGS"). Previously, on a motion to remand, the Court had held that SONGS is located on a federal enclave and that federal courts have exclusive jurisdiction over state tort claims that arise on such a federal enclave, including Plaintiff's claims of wrongful termination in violation of California Labor Code § 6312 and wrongful termination as retaliation.

Edison now seeks summary judgment on three independent grounds: (1) Plaintiff's wrongful termination claims under California law are preempted by the federal enclave doctrine; (2) Plaintiff's claims are preempted by the Energy Reorganization Act, 42 U.S.C. § 5851; and (3) Plaintiff's claims fail on the merits because he cannot establish that his termination was caused by a retaliatory motive.

Based on the undisputed facts, the Court holds that both of Plaintiff's claims are barred  by the federal enclave doctrine.  Accordingly, the Court GRANTS Defendant's motion for summary judgment.[1]
//

---

[1] Docket No. 20.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0158 AHM (RCx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | EDWARD BUSSEY v. EDISON INTERNATIONAL, INC., *et al.* | | |

//

## II.   LEGAL STANDARDS FOR A MOTION FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) provides for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  The moving party bears the initial burden of demonstrating the absence of a "genuine issue of material fact for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  A fact is material if it could affect the outcome of the suit under the governing substantive law.  *Id.* at 248.  The burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

"When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).  In contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out the absence of evidence from the non-moving party.  The moving party need not disprove the other party's case.  *See Celotex*, 477 U.S. at 325.  Thus, "[s]ummary judgment for a defendant is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial.'" *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999) (citing *Celotex*, 477 U.S. at 322).

When the moving party meets its burden, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  Summary judgment will be entered against the non-moving party if that party does not present such specific facts.  *Id*.  Only admissible evidence may be considered in deciding a motion for summary judgment.  *Id.*; *Beyene v. Coleman Sec. Serv., Inc.*, 854 F.2d 1179, 1181 (9th

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0158 AHM (RCx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | EDWARD BUSSEY v. EDISON INTERNATIONAL, INC., *et al.* | | |

Cir. 1988).

"[I]n ruling on a motion for summary judgment, the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999) (quoting *Anderson*, 477 U.S. at 255). But the non-moving party must come forward with more than "the mere existence of a scintilla of evidence." *Anderson*, 477 U.S. at 252. Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

## III. ANALYSIS

Under the federal enclave doctrine, state laws have no effect on federal enclaves unless they preexisted the surrender of sovereignty and are not inconsistent with the laws of the United States or with the government use for which the property was acquired. *See Stiefel v. Bechtel Corp.*, 497 F.Supp.2d 1153, 1156 (S.D. Cal. 2007) (citations omitted). In essence, a "'federally owned facility performing a federal function is shielded from direct state regulation. . .unless Congress clearly authorizes such state regulation.'" *Id.* at 1157 (quoting *Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 180 (1988). Accordingly, the *Stiefel* court held that a former employee at SONGS could not bring claims under California's Occupational Safety and Health Act (sections 6310 and 6311 of California's Labor Code) -- the same statute that Plaintiff's claims are based on -- because the statute was enacted after federal acquisition of the territory in which SONGS is located, the federal enclave of Camp Pendleton. In opposing summary judgment, Plaintiff does not dispute that his claims would be barred by the federal enclave doctrine, if they arose on the enclave. He does argue, for the first time in this lawsuit, that his claims did not arise on the enclave.

In its Statement of Uncontroverted Facts, Edison set forth 125 facts that describe in considerable detail the events giving rise to Plaintiff's claims. In his Statement of Genuine Issues, Plaintiff concedes all 125 facts. Those facts established the following material facts: Plaintiff's direct supervisor at SONGS, Brad Girad, suspected that Plaintiff had falsified initials on "material release logs" to conceal the fact that he had checked his own work instead of finding a co-worker to peer-check his work, as he was required to

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0158 AHM (RCx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | EDWARD BUSSEY v. EDISON INTERNATIONAL, INC., *et al.* | | |

do.  Girard conducted an investigation, with the assistance of other supervisors, including Al Gray, Paul Elliott, and Robert Corbett, Manager of the Health Physics Department, and personnel from the Corporate Security department.  They reviewed material release logs and questioned Plaintiff and other Health Physics Technicians.  Eventually, Corbett concluded that Bussey had been falsifying the records and that he should be terminated.  On September 28, 2006, Corbett asked Payroll and Human Resources to prepare the paperwork for termination, and consulted with his supervisor at SONGS, Vice President Ray Waldo, who concurred.  The next day, September 29, Gray, Waldo and Elliott questioned Plaintiff one last time to see if Plaintiff had any information that might prevent termination.  After that meeting, Waldo, Elliott, and Corbett met in Corbett's office and concluded that termination was the right decision, and Elliott informed Plaintiff that he was being terminated.  All of these events occurred at SONGS.[2]

      Although he conceded all of those facts, Plaintiff goes on to allege *on information and belief* that certain events relating to his claims took place at Edison's headquarters at Rosemead, which is not part of the federal enclave.  For example, he alleges that headquarters made the termination decision, that all of his employment records were maintained there, that payroll was processed there, and that all personnel policies were developed there.   In addition to these allegations, he cites a letter dated September 28, 2006 from Corporate Payroll Operations in Rosemead.  Declaration of Edward Bussey ¶ 2, Ex. M.  The letter was not a termination notice, as he claims, but a notice of the final accounting of his earnings.  That letter is entirely consistent with Defendants' undisputed account that it was Corbett who asked Payroll to prepare the paperwork.  Plaintiff's allegation that his termination came about in Rosemead is unsubstantiated, belied by the facts that he has conceded, and inconsistent with his own Complaint.  *See supra* note 2.  Even assuming corporate headquarters performed functions such as payroll processing, record maintenance and policymaking, all of the actions giving rise to Plaintiff's termination were taken by employees who worked at SONGS.  On this record, the only conclusion a reasonable jury could reach is that Plaintiff's claims arose from events that took place at SONGS.

---

    [2]It bears noting that Defendants' account is also consistent with Plaintiff's complaint, which alleged that Girard launched the investigation concerning the falsified initials in retaliation for Plaintiff's safety complaints and that on September 29, 2006 Waldo terminated his employment, with the direct participation of Girard and Elliott.  Compl. ¶¶ 23-30.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0158 AHM (RCx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | EDWARD BUSSEY v. EDISON INTERNATIONAL, INC., *et al.* | | |

Plaintiff also argues that summary judgment is not warranted because, he contends, he has alleged that he suffered retaliation for making complaints to the Nuclear Regulatory Commission and because he also had filed a complaint with the U.S. Department of Labor. Thus, he contends, he has made allegations of federal law that survive even if his state law claims are dismissed. His contentions are utterly meritless. All he has alleged in his Complaint is that he made complaints to the Nuclear Regulatory Commission. His Complaint is devoid of any reference to federal law. This was apparently a conscious decision, because in his first lawsuit following his termination, Plaintiff did assert a federal claim (under the Energy Reorganization Act). After that case was removed to this Court (CV 07-2764 AHM (RCx)), the Court granted Plaintiff's oral motion to dismiss the action at the scheduling conference. In November 2007, Plaintiff filed the current action in state court, pleading the two state law causes of action. That case was also removed, this time based on federal enclave jurisdiction. Plaintiff sought a remand based on the argument that he asserted claims that arise only under California law. Now, he has reversed his position in an attempt to avoid summary judgment. The Court rejects Plaintiff's meritless argument that there is a federal claim in his Complaint.

Since the Court has concluded that Plaintiff's wrongful termination claims are barred by the federal enclave doctrine, the Court declines to address Defendant's other arguments for summary judgment.

## IV.   CONCLUSION

Based on the reasons stated, the Court GRANTS Defendant's motion for summary judgment. Defendant shall file a Proposed Judgment by not later than March 2, 2009.

THIS ORDER IS NOT INTENDED FOR PUBLICATION.

|  | : |
|---|---|
| Initials of Preparer | SMO |